(No. 2474—

JENNIE MEYER AND LAURA MEYER MOORE, BY JENNIE MEYER, HER NEXT FRIEND, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 10, 1936.*
*Subsequent order filed April 13, 1937.*

TRAPP & TRAPP, for claimants.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

On February 15, 1934 Oran H. Meyer was employed by respondent as a maintenance patrolman, Division of Highways, Department of Public Works and Buildings, and on the day in question was dragging the shoulders on S. B. I. Route No. 121 several miles south of Hartsburg, Illinois. He was driving a State-owned truck which he kept at his home and which was assigned to him for such duties as might require his attention. As Mr. Meyer was driving the truck across the right-of-way of the Illinois Central Railroad Company about 4:30 p. m., on the day in question, he was struck by a freight train and received injuries, as a result of which he instantly died. He left surviving him, Jennie Meyer, his widow, and Laura Meyer, his daughter, who was then fifteen years of age and residing at home with her parents. The

record discloses that the daughter, Laura Meyer, was thereafter married on the 19th day of May, A. D. 1934. Claim was filed on August 1, 1934 by the surviving widow and the said daughter for an award under the terms of the Workmen's Compensation Act, for the sum of Four Thousand Four Hundred Fifty ($4,450.00) Dollars. A further application was filed on May 4, 1936 that any allowance herein made be made payable as a lump sum award.

There seems no dispute of fact or law involved. The deceased employee entered the employ of the State August 23, 1933 and his death occurred in an accident which arose out of and in the course of his employment. An unsuccessful suit was brought against the Illinois Central Railroad Company in connection with said accident. His wages are shown to have been One Hundred ($100.00) Dollars per month or One Thousand Two Hundred ($1,200.00) Dollars per year. A certified birth certificate discloses that the daughter, Laura Meyer, was born February 22, 1919 and was therefore fifteen years of age at the time of her father's death. She was thereafter married as above indicated on the 19th day of May, 1934.

Under the provisions of Sec. 7 of the Workmen's Compensation Act, Chap. 48, Rev. Statutes of the State of Ill., 1933, claimant, Jennie Meyer, is entitled to receive from respondent as compensation for her husband's death, the sum of Four Thousand ($4,000.00) Dollars.

This amount is increased to Four Thousand Four Hundred Fifty ($4,450.00) Dollars by reason of the daughter, Laura Meyer, being under the age of sixteen (16) years at the time of her father's death.

Section 7, Par. (a) of the Workmen's Compensation Act further provides,

"That when an award has been made under this paragraph, where the deceased left at the time of his death a widow and one child under sixteen years of age, the compensation payments and death benefits to the extent the same were increased because of the existence of said child, insofar as same have not been paid, shall cease and become extinguished when said child arrives at the age of eighteen years, if said child is physically and mentally competent at that time."

The salary of deceased being One Hundred ($100.00) Dollars per month, his weekly salary would figure Twenty Three and 07/100 ($23.07) Dollars per week, of which claim-

ants are entitled to fifty-five (55) per cent until such time as Laura Meyer Moore becomes eighteen (18) years of age, when the payments should be reduced to fifty (50) percent as provided by statute, and such part of the Four Hundred Fifty ($450.00) Dollars as then remains unpaid should be withheld.

IT IS THEREFORE ORDERED that an award of Four Thousand Four Hundred Fifty ($4,450.00) Dollars is hereby entered and recommended, Four Thousand ($4,000.00) Dollars of which is in favor of Jennie Meyer and Four Hundred Fifty ($450.00) Dollars is in favor of Laura Meyer Moore, payment of said award to be made in the following manner to wit:

Fifty (50) per cent of the weekly wage would be Eleven and 53/100 ($11.53) Dollars. Five (5) per cent of such weekly wage would be One and 16/100 ($1.16) Dollars. By July 25, 1936 payment for one hundred twenty seven (127) weeks will have accrued. Immediate payment therefore in favor of Jennie Meyer is hereby authorized in the sum of One Thousand Four Hundred Sixty Four and 31/100 ($1,464.31) Dollars, and monthly payments thereafter on the basis of Eleven and 53/100 ($11.53) Dollars per week until the remaining sum of Two Thousand Five Hundred Thirty Five and 69/100 ($2,535.69) has been paid; that there shall also be paid to Laura Meyer Moore at the present time the sum of One Hundred Forty Seven and 32/100 ($147.32) for the amount due her up to July 25, 1936, and monthly payments thereafter on the basis of One and 16/100 ($1.16) Dollars per week until the further sum of Three Hundred Two and 68/100 ($302.68) Dollars has been paid to her, subject, however, to the further provision that said payment to Laura Meyer Moore shall cease on February 22, 1937, subject to the provisions of Sec. 7, Par. (a) of the Workmen's Compensation Act of Illinois; said Laura Meyer Moore at which time arrives at the age of eighteen (18) years. Jurisdiction of this cause is retained until that time by reason of the statute in such case made and provided.

Due consideration has been given to the application filed herein, asking that a commutation of the award be made to an equivalent lump sum. The court deems the award as herein made to be to the best interests of claimant and respondent and in keeping with the spirit of the Workmen's Compensation Act, and the application for a lump sum award is hereby denied. This award being subject to the provisions of an

Act entitled *"An Act making an appropriation to pay compensation claims of State employees and providing for the method of payment thereof,"* approved July 2, 1935 (Sess. Laws 1935, p. 49) and being, by the terms of such Act, subject to the approval of the Governor is hereby, if and when, such approval is given, made payable from the Road Fund in the manner provided for in such Act.

### ORDER.

This cause again coming on to be heard upon notice to show cause, under date of February 9, 1937, why payments of $1.16 per week should not be discontinued after February 22, 1937, and no cause now appearing, it is hereby ordered that payments heretofore authorized in the sum of $1.16 per week to Laura Meyer Moore are hereby ordered discontinued as of February 22, 1937, in accordance with the terms of the original award herein made.